Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SUZANNE B. CONLON | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 10 C 7710 | DATE | 12/10/2010 |
| CASE TITLE | U.S. ex rel. Darrell Fair (#B-32994) vs. Marcus Hardy, et al. | | |

**DOCKET ENTRY TEXT:**

The petitioner's motion for leave to proceed *in forma pauperis* [#3] is granted. The respondent is ordered to answer the petition or otherwise plead by January 5, 2011. On the court's own motion, Illinois Attorney General Lisa Madigan is dismissed as a respondent.

*Suzanne B. Conlon*

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

Darrell Fair, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his conviction for first degree murder on the grounds that: (1) the interrogating police officers elicited a confession through physical abuse and coercion; (2) the petitioner was never advised of his *Miranda* rights; (3) the police ignored the petitioner's requests to speak to an attorney; (4) the petitioner was held under inhumane conditions in order to weaken his resolve; (5) the trial court wrongfully denied the petitioner's motion to suppress; (6) the conviction was based on the unreliable testimony of a subsequently-disgraced police officer; (7) the trial court erred in denying the petitioner's motion to quash his arrest; (8) the appellate court failed to comply with Supreme Court rules; (9) the appellate court applied the wrong standard in reviewing the petitioner's claim that his counsel had been ineffective; and (10) the fifty-year sentence imposed was excessive and an abuse of discretion.

The petitioner having demonstrated that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Although the petitioner has paid the statutory filing fee, his i.f.p. status may affect such future considerations as his eligibility for court-appointed counsel.

The petitioner indicates that he has exhausted state court remedies with respect to the claims raised in his federal habeas petition; furthermore, he appears to have filed his petition in a timely manner. Accordingly, the **(CONTINUED)**

mjm

respondent is ordered to answer the petition or otherwise plead within twenty-one days of the date of this order. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness arguments it may wish to present.

The petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The petitioner must provide the court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, the petitioner must send an exact copy of any court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by the petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the petitioner.

Finally, on the court's own motion, Illinois Attorney General Lisa Madigan is dismissed as a respondent. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996) (a state's attorney general is a proper party in a habeas petition only if the petitioner is not then confined); *see also* Rules 2(a) and (b) of Rules Governing Section 2254 Cases. In this case, the petitioner is not challenging a future sentence, but rather his present confinement. Therefore, the Attorney General is not a proper respondent.

*Suzanne B. Conlon*